(No. 80-CC-0185-

Rose Torres, Administratrix of the Estate of Benny Moy, Deceased, Claimant, *v.* The State of Illinois—Department of Mental Health and Developmental Disabilities, Respondent.

*Opinion filed July 22, 1983.*

Steinberg & Burtker, Ltd., for Claimant.

Neil F. Hartigan, Attorney General (James Koch, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This is an action to recover for the personal injuries and wrongful death of Claimant's decedent, Benny Moy, on January 13, 1979. At the time of his death, Benny Moy was 22 years of age, mentally retarded and a resident assigned to Building No. 33 of the Respondent, Waukegan Developmental Center.

That since the initiation of this claim, the parties have engaged in extensive discovery and have entered into a joint stipulation.

This Court therefore finds that based upon the parties' joint stipulation, it determines that during the latter part of 1974, or early 1975, the Respondent installed an alarm system in Building No. 33 of the Waukegan Developmental Center to notify personnel of said facility of the opening of exit doors. The alarm was installed by Respondent's maintenance personnel who lacked professional training in the design and installation of such systems. That from the time of its installation, the alarm system did not function properly and was subject to repeated failures. Respondent's servants and agents knew of the failures, yet failed to take the necessary steps to revise or otherwise replace said system.

That prior to his death, the Respondent also had actual knowledge of the Claimant's decedent's mental retardation as well as his inability of caring for his own safety.

The Court further finds that on January 13, 1979, the alarm system to Building No. 33 was inoperable; that Respondent negligently and carelessly permitted the Claimant's decedent to exit the building without the benefit of any clothing and without supervision. That as a proximate result of the Respondent's negligence, the Claimant's decedent froze to death on the grounds of the Waukegan Developmental Center. See *Todd v. State* (1978), 32 Ill. Ct. Cl. 87; *Karluski v. Board of Trustees of the University of Illinois* (1966), 25 Ill. Ct. Cl. 295.

The parties have agreed that it is in their respective best interests to stipulate to the foregoing facts and to agree that the sum of nine thousand ($9,000.00) dollars be awarded the administrator of Claimant's estate as fair and just compensation for his injuries and wrongful death resulting from the occurrence in question.

It is hereby ordered that the Court finds the parties' joint stipulation to be fair and just and that the sum of nine thousand ($9,000.00) dollars be awarded the Claimant, Rose Torres, administrator of the estate of Benny Moy, deceased, in full satisfaction of any and all claims presented to the State of Illinois under the above captioned cause.